IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WIDALYS SANTIAGO MIRANDA,**

    Plaintiff,

v.

**MHM HEALTH PROFESSIONALS, LLC, d/b/a CENTURION PROFESSIONALS**

    Defendant.

Civil Action No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, WIDALYS SANTIAGO MIRANDA, by and through her undersigned attorney, hereby brings this action against Defendant, MHM HEALTH PROFESSIONALS, LLC, d/b/a CENTURION PROFESSIONALS, and hereby seeks to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938 (hereafter "FLSA"), as amended 29 U.S.C. § 216(b).

### I. OVERVIEW-SUMMARY

1.1    This is an action to recover straight-time wages and overtime wages pursuant to the FLSA.

1.2    Plaintiff is employed by Defendant as a physician and has

been so employed since June 2019.

1.3     Plaintiff is an hourly wage earner and Defendant pays Plaintiff a stipulated hourly rate for all time that Plaintiff works.

1.4     Plaintiff is not a salaried exempt employee and Defendant has never characterized or treated Plaintiff as such.

1.5     Since June 2019, Defendant has failed to pay Plaintiff for all time (both straight time and overtime) that Plaintiff has worked for Defendant.

1.6     Defendant continues to fail to properly pay Plaintiff for all time (both straight time and overtime) that Plaintiff works for Defendant.

## II.   PARTIES

2.1     Plaintiff is an individual who resides in Santa Rosa County, Florida.

2.2     Defendant is a Delaware limited liability company that provides healthcare services to prisons throughout the United States, including in the State of Florida.

## III.  JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C §§ 206, 207, and 216(b), which provides that suit under the Fair Labor Standards Act "may be maintained

against any employer ... in any Federal or State court of competent jurisdiction."

3.2   This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.3   Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant resides in and does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## IV.   COVERAGE

4.1   At all times hereinafter mentioned, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4.2   At all times hereinafter mentioned, Defendant was an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

4.3   At all times hereinafter mentioned, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related

process or occupation directly essential to the production thereof, and in that said enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00. During the respective periods of Plaintiff's employment by Defendant, Plaintiff provided services to and on behalf of Defendant that involved interstate commerce. In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Act. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.4 At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTS

5.1 In June 2019, Defendant offered to hire Plaintiff as a physician providing medical services for Defendant's client, the Florida Department of Corrections. A copy of Defendant's employment offer letter is attached hereto as EXHIBIT "A."

5.2 Defendant offered to pay Plaintiff an hourly wage of $89.00.

5.3 Plaintiff accepted Defendant's offer of employment and began working for Defendant on June 24, 2019.

5.4  Plaintiff worked, and continues to work, at the Santa Rosa Correctional Institution in Milton, Santa Rosa County, Florida.

5.5  Since June 2019, Defendant has paid Plaintiff strictly on an hourly basis: i.e., Defendant has paid, and continues to pay, Plaintiff only for the hours that Plaintiff has actually worked (plus any applicable "PDO" pay and any holiday pay).  Such payment arrangement continues to date.

5.6  Nearly every workweek since June 2019, and continuing to date, Plaintiff has worked more than 40 hours.

5.7  Defendant has not paid Plaintiff any overtime.

5.8  For each shift that Plaintiff has worked since June 2019, Defendant has automatically deducted thirty (30) minutes from Plaintiff's total compensable time for that day.  This practice continues to date.

5.9  Said thirty-minute deduction is a purported daily "meal break."

5.10  However, from the time that Plaintiff clocked in until the time that she clocked out each day that she has worked for Defendant, Plaintiff has not stopped working to eat a meal.  Whenever Plaintiff has eaten a meal at work, she has done so while also performing other work-related tasks.

5.11  Plaintiff's daily workload is such that she is unable to stop

working in order to take a thirty-minute meal break.  If Plaintiff were to actually stop working for thirty minutes of uninterrupted mealtime each day, free from all job-related duties, she would not be able to perform all tasks and duties that Defendant expects and requires her to perform.

5.12   Defendant made no effort to provide Plaintiff thirty minutes of uninterrupted mealtime each day, free from all job-related duties, and Defendant made no effort to ensure that Plaintiff actually took such a break.

5.13   Defendant was, and is, aware that Plaintiff regularly ate her daily meals while she worked.

## VI.   CLAIM: VIOLATION OF FAIR LABOR STANDARDS ACT

6.1   Plaintiff was an employee of Defendant within the meaning of the FLSA.

6.2   Defendant is, and was at all times relevant to the allegations herein, an employer and an enterprise engaged in interstate commerce and is subject to the FLSA.

6.3   Plaintiff was, and is, entitled to be paid the stipulated hourly rate for any and all time that she has worked while employed by Defendant, including any time that Plaintiff has worked while simultaneously eating a meal.

6.4   Additionally, Plaintiff is also entitled to be paid overtime

at 1.5 times the stipulated hourly rate for any and all time that Plaintiff worked/works beyond forty hours in a workweek.

6.5   Defendant's non-payment of Plaintiff—vis-à-vis its purported meal deduction—was knowing, willful, or in reckless disregard of Plaintiff's rights and actions.

6.6   Defendant's non-payment of overtime to Plaintiff—for all time worked beyond forty hours in any workweek—was knowing, willful, or in reckless disregard of Plaintiff's rights and actions.

6.7   Plaintiff has been required to retain the undersigned attorney and is required to pay said attorney a reasonable fee for his services. Plaintiff is entitled to recover such attorneys' fees pursuant to the FLSA.

6.8   As a result of the unlawful acts of Defendant, Plaintiff has been deprived of compensation in amounts to be determined at trial, and she is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter judgment on this Complaint in her favor and:

A.   Enter final judgment for Plaintiff and against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act;

B.   Enter judgment for Plaintiff declaring that Defendant

violated the Fair Labor Standards Act and enjoining Defendant from: (i) automatically deducting 30-minute meal breaks in the future, unless Plaintiff is provided with 30 minutes of uninterrupted time, free from performing any work-related duties or services; and (ii) allowing Plaintiff to work more than forty hours per workweek without paying her overtime;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages;

D. Award prejudgment interest on all unpaid wages;

E. Award Plaintiff an equal amount in liquidated damages;

F. Award Plaintiff reasonable attorney's fees and costs; and

G. Grant such other and further relief as this Court deems equitable and just.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

*John B. Trawick*
John B. Trawick
John B. Trawick, PLLC
5101 N. 12th Avenue
Pensacola, FL 32503
850-476-0495 (P)
850-857-7800 (F)
John@JBTrawicklaw.com
*Attorney for Plaintiff*